```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

IN THE MATTER OF THE SEARCH    )    MC 09-00099 HG-KSC
OF:                            )
                               )
A single family residence      )
located at Lot 77 of the       )
Waiolani Mauka subdivision,    )
Waikapu, Maui, Hawaii,         )
                               )
                               )
AND SEIZURE OF:                )
                               )
A silver 2006 Toyota Tacoma    )
pickup truck BEARING Hawaii    )
license plate number 646-MDC   )
and vehicle identification     )
number 5TENX62N76Z246033, and  )
registered to John D. Oliver   )
and Ihilani K. A. Catugal,     )
etc.                           )
_____  )
```

**FINDINGS AND RECOMMENDATION TO DENY**
**PETITIONS FOR RETURN OF PROPERTY**

Before the Court are: Petitioner Hawaiiloa Foundation's ("Petitioner") Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed May 8, 2009 ("05/08/09 Petition"); and Petitioner's Affidavits, Letters of Demand for Return of Property and Affidavits of Probable Cause by Directors of the Board of the Hawaiiloa Foundation; Resolutions of the Board in Support of the Courts (sic) Order to Show Cause 41 Days After Siezure (sic) of

Gifts, Funds and Private Property on April 7, '09, filed May 18, 2009 ("05/18/09 Petition") (collectively "Petitions").

On May 19, 2009, Respondent United States of America ("the Government") filed its Response to Objections and Motions for Return of Property Filed by John Oliver, Petro Hoy, Lehua Hoy, Pilialoha Teves, and Mahealani Ventura-Oliver ("Response").

The Court construes the Petitions as requests to unseal the applications and affidavits for search warrant, and for return of property pursuant to Fed. R. Crim. P. 41(g). This Court further finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

After careful consideration of the Petitions, the opposing memorandum, exhibits and declarations, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Petitions be DENIED for the reasons set forth below.

## **BACKGROUND**

On April 6, 2009 and April 7, 2009, Steven Carter, Special Agent with the Federal Bureau of Investigation ("Agent Carter"), filed his Applications and Affidavits for Search Warrants ("Search Warrants"). Petitioner's offices located at 310 Hookahi Street, Suites 201, 202, and 206, in Wailuku, Mau`I, Hawai`I were searched by federal agents on April 7, 2009, and personal property was taken by these agents as a result of that search. [05/08/09 Petition at 2.] The instant Petitions

followed.

>    Petitioner, in the 05/08/09 Petition, states:
>
>    2.  We do not know or recognize Carter or the Agents, or who they represent, as they are third party interlopers and not signatories to any agreement with Us, therefore, We request a copy of the Court's recorded certified affidavit of probable cause and the enjoined appropriate process.
>    3.  In the alternative, should the Court not possess the enjoined appropriate process, order the instant return of the wrongfully seized Properties.

[Id.]

In its Response, the Government states that it is "conducting a criminal investigation into the activities of various individuals involved in the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties." [Response at 3.] No criminal charges have yet been brought and "the nature and scope of the ongoing investigation is confidential." [Id. at 3-4.] The Government acknowledges that, on April 6, 2009, the Federal Bureau of Investigation ("FBI") "obtained two search warrants and seizure warrants from this Court." [Id. at 4.] More specifically, these documents entailed:

>    The search warrants authorized searches of (1) offices located at 310 Hookahi Street, Suite 201, Wailuku, Maui (Mag. No. 09-00243 LEK), and (2) a residence located at Lot 77 of the Waiolani Mauka Subdivision in Waikapu, Maui (Mag. No. 09-00253 LEK).  The seizure warrants authorized the seizure of (1) funds contained in six Maui County Federal Credit Union accounts held in the names of

> Hawaiiloa Foundation, Mahealani Ventura-Oliver and/or the John D. Oliver Trust (Mag. No. 09-00244 LEK), (2) funds contained in two Hawaii National Bank accounts held in the names of Pilialoha K. Teves and Kaikaikaokalani K. Teves (Mag. No. 09-00245 LEK), (3) funds in a First Hawaiian Bank account held in the name of the Petro T. Hoy Trust (Mag. No. 09-00246 LEK), (4) a 2005 Toyota Tacoma pickup truck registered to John D. Oliver (Mag. No. 09-00247 LEK),(5) [sic] a 2006 Toyota Tacoma pickup truck registered to John D. Oliver and Ihilani K.A. Catugal (Mag. No. 09-00248 LEK), (6) a 2009 Toyota Prius registered to Leatrice Lehua Hoy (Mag. No. 09-00249 LEK), (7) assorted gold and silver coins (Mag. No. 09-00250 LEK), and (8) a gold bracelet (Mag. No. 09-00251 LEK).

[Id. at 4 n.1.]  In addition, on April 7, 2009, the FBI also obtained a search warrant for office space "located at 310 Hookahi Street, Suites 202 and 206, Wailuku, Maui (Mag. No. 09-00255 LEK)."  [Id. at 5 & n.2.]

The Government urges that the Petitions be denied because John Oliver, Meheallani Ventera-Oliver, Charles S.I. Davis, Leatrice Lehua Loy were given copies of the warrants, and these warrants represent the Court's determination that the searches and seizures were supported by probable cause.  To the extent that Petitioner seeks disclosure of the affidavits filed in support of these warrants, the Government argues that the request should be denied because of the ongoing criminal investigation and because these affidavits were sealed by court order.  If the Petitions are construed as motions to return property pursuant to Fed. R. Crim. P. 41(g), then the Government submits that the Court should deny the motions because Petitioner

cannot show that the Court should exercise its equitable jurisdiction in this matter.

## **DISCUSSION**

### I.   Unsealing Search Warrants

Petitioner requests unsealing of the applications and affidavits for search warrant.  The Government points out that the criminal investigation is still ongoing and that Petitioner, through various individuals associated with it, was provided with copies of the search warrant and a receipt of the items taken.

"Normally a search warrant is issued after an *ex parte* application by the government and an *in camera* consideration by a judge or magistrate [judge]."  Times Mirror Co. v. United States, 873 F.2d 1210, 1214 (9th Cir. 1989) (citation omitted).  Here, the Government, concurrent with its submission of the applications and affidavits for search warrant, filed a motion to seal these documents which was granted upon a showing that the criminal investigation required secrecy.  Sealing orders may be "granted freely upon a showing that a given criminal investigation requires secrecy."  Id.  There is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned."  Id. at 1218.  Nor has Petitioner identified anything other than an unspecified need for the applications and affidavits for search warrant before the criminal investigation

has been concluded and/or indictments have been returned.

        This Court FINDS that John Oliver, Mehealani Ventera-Oliver, Charles S.I. Davis, Leatrice Lehua Loy were given copies of the warrants, and that they and Pilialoha Teves were given receipts for the taken property. [Response, Exhs. A-F.]  This Court further FINDS that the record favors denying Petitioner's request to unseal the applications and affidavits for search warrant at this time.  This Court therefore RECOMMENDS that the district judge DENY the Petitions to the extent that Petitioner seeks copies of the search and seizure warrants, and the affidavits filed in support of these warrants, before the criminal investigation has concluded and/or indictments have been returned.

## II. Rule 41(g)

        Return of property in a criminal case is governed by Rule 41(g), which provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  Rule 41(g) is ordinarily used to seek the return of property after an indictment is issued.  Criminal proceedings have not been instituted against Petitioner at this time.  "Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant."  Ramsden

v. United States, 2 F.3d 322, 324 (9th Cir. 1993) (citing United States v. Martinson, 809 F.2d 1364, 1366-67 (9th Cir. 1987)) (construing former Fed. R. Crim. P. 41(e), the subsection that formerly pertained to motions for return of property).  In those instances, "[t]hese motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." Id. (quoting Kitty's East v. United States, 905 F.2d 1367, 1370 (10th Cir. 1990).

In deciding a pre-indictment Rule 41(g) motion, several factors must be considered:

> [B]efore a district court can reach the merits of a pre-indictment [Rule 41(g)] motion, the district court must consider whether: (1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance. If the balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion.

United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) (citations and quotation marks omitted) (alterations in original).  As to the first factor, an *in camera* review of the Application and Affidavit for Search Warrant supports a finding that the Government has not displayed a callous disregard for Petitioner's constitutional rights.  With regard to the second

7

factor, Petitioner does not appear to have any interest in the property that was seized. The motor vehicles and bank accounts are registered in the names of individuals, not in the name of Petitioner. [Response, Exhs. A-F.] As to the third factor, this Court concludes that Petitioner would not be irreparably injured by denying return of the property that was seized because Petitioner does not appear to have any property rights to the seized items. Finally, as to the fourth factor, if an indictment is rendered against Petitioner, a post-indictment Rule 41(g) motion for return of property can be filed on its behalf. Likewise, if no indictment is returned and the Government fails to return the property, a civil lawsuit may be able to be filed on its behalf. Thus, an adequate remedy at law for redress does exist.

On balance, this Court FINDS that the equities do not tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district judge should not exercise its equitable jurisdiction to entertain the motion.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that Petitioner Hawaiiloa Foundation's Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined

Appropriate Process and in the Alternative Return the Seized Property, filed May 8, 2009, and Petitioner Hawaiiloa Foundation's Affidavits, Letters of Demand for Return of Property and Affidavits of Probable Cause by Directors of the Board of the Hawaiiloa Foundation; Resolutions of the Board in Support of the Courts (sic) Order to Show Cause 41 Days After Siezure (sic) of Gifts, Funds and Private Property on April 7, '09, filed May 18, 2009, be DENIED.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, June 19, 2009.



　　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States Magistrate Judge

**IN THE MATTER OF THE SEARCH OF: A SINGLE FAMILY RESIDENCE LOCATED AT LOT 77 OF THE WAIOLANI MAUKA SUBDIVISION, WAIKAPU, MAUI, HAWAII, ETC; MC 09-00099 HG-KSC; FINDINGS AND RECOMMENDATION TO DENY PETITIONS FOR RETURN OF PROPERTY**