IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>A single family residence located at Lot 77 of the Waiolani Mauka subdivision, Waikapu, Maui, Hawaii,<br><br><br>AND SEIZURE OF:<br><br>A silver 2006 Toyota Tacoma pickup truck BEARING Hawaii license plate number 646-MDC and vehicle identification number 5TENX62N76Z246033, and registered to John D. Oliver and Ihilani K. A. Catugal, etc.<br>_____ | MC 09-00099 HG-KSC |

**FINDINGS AND RECOMMENDATION TO DENY**
**<u>PETITIONS FOR RETURN OF PROPERTY</u>**

Before the Court are: Petitioner John Oliver's ("Petitioner") Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for the Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 9, 2009 ("04/09/09 Petition"); Petitioner's Second Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the

Alternative Return the Seized Property, filed April 16, 2009 ("04/16/09 Petition"); and Petitioner's Third Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed on April 27, 2009 ("04/27/09 Petition") (collectively "Petitions").

On May 19, 2009, Respondent United States of America ("the Government") filed its Response to Objections and Motions for Return of Property Filed by John Oliver, Petro Hoy, Lehua Hoy, Pilialoha Teves, and Mahealani Ventura-Oliver ("Response"). On May 27, 2009, Petitioner and Mahealani Ventura-Oliver filed Notice of Reply Via Objection to Government's Response ("Reply").

The Court construes the Petitions as requests to unseal the applications and affidavits for search warrant, and for return of property pursuant to Fed. R. Crim. P. 41(g). This Court further finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

After careful consideration of the Petitions, Response, Reply, exhibits and declarations, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Petitions be DENIED for the reasons set forth below.

## BACKGROUND

On April 6, 2009, Steven Carter, Special Agent with the Federal Bureau of Investigation ("Agent Carter"), filed his Application and Affidavit for Search Warrant ("Search Warrant"). Petitioner's home was searched by federal agents on April 7, 2009, and personal property was taken by these agents as a result of that search. [04/09/09 Petition at 2.]  The instant Petitions followed.

Petitioner, in the 04/09/09 Petition, states:

> 2.   We do not know or recognize Carter or the Agents, or who they represent, as they are third party interlopers and not signatories to any agreement with Us, therefore, We request a copy of the Court's recorded certified affidavit of probable cause and the enjoined appropriate process.
> 3.   In the alternative, should the Court not possess the enjoined appropriate process, order the instant return of the wrongfully seized Property.

[Id.] The 04/16/09 and 04/24/09 Petitions contain almost identical requests. [04/16/09 Petition at 2; 04/27/09 Petition at 2.]

In its Response, the Government states that it is "conducting a criminal investigation into the activities of various individuals involved in the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties." [Response at 3.]  No

3

criminal charges have yet been brought and "the nature and scope of the ongoing investigation is confidential." [Id. at 3-4.] The Government acknowledges that, on April 6, 2009, the Federal Bureau of Investigation ("FBI") "obtained two search warrants and seizure warrants from this Court." [Id. at 4.] More specifically, these documents entailed:

> The search warrants authorized searches of (1) offices located at 310 Hookahi Street, Suite 201, Wailuku, Maui (Mag. No. 09-00243 LEK), and (2) a residence located at Lot 77 of the Waiolani Mauka Subdivision in Waikapu, Maui (Mag. No. 09-00253 LEK). The seizure warrants authorized the seizure of (1) funds contained in six Maui County Federal Credit Union accounts held in the names of Hawaiiloa Foundation, Mahealani Ventura-Oliver and/or the John D. Oliver Trust (Mag. No. 09-00244 LEK), (2) funds contained in two Hawaii National Bank accounts held in the names of Pilialoha K. Teves and Kaikaikaokalani K. Teves (Mag. No. 09-00245 LEK), (3) funds in a First Hawaiian Bank account held in the name of the Petro T. Hoy Trust (Mag. No. 09-00246 LEK), (4) a 2005 Toyota Tacoma pickup truck registered to John D. Oliver (Mag. No. 09-00247 LEK),(5) [sic] a 2006 Toyota Tacoma pickup truck registered to John D. Oliver and Ihilani K.A. Catugal (Mag. No. 09-00248 LEK), (6) a 2009 Toyota Prius registered to Leatrice Lehua Hoy (Mag. No. 09-00249 LEK), (7) assorted gold and silver coins (Mag. No. 09-00250 LEK), and (8) a gold bracelet (Mag. No. 09-00251 LEK).

[Id. at 4 n.1.]

The Government urges that the Petitions be denied because Petitioner was given copies of the warrants, and these warrants represent the Court's determination that the searches and seizures were supported by probable cause. To the extent that Petitioner seeks disclosure of the affidavits filed in

support of these warrants, the Government argues that the request should be denied because of the ongoing criminal investigation and because these affidavits were sealed by court order.  If the Petitions are construed as motions to return property pursuant to Fed. R. Crim. P. 41(g), then the Government submits that the Court should deny the motions because Petitioner cannot show that the Court should exercise its equitable jurisdiction in this matter.

## DISCUSSION

### I. Unsealing Search Warrants

Petitioner requests unsealing of the applications and affidavits for search warrant.  The Government points out that the criminal investigation is still ongoing and that Petitioner was provided with copies of the search warrant and a receipt of the items taken.

"Normally a search warrant is issued after an *ex parte* application by the government and an *in camera* consideration by a judge or magistrate [judge]."  Times Mirror Co. v. United States, 873 F.2d 1210, 1214 (9th Cir. 1989) (citation omitted).  Here, the Government, concurrent with its submission of the applications and affidavits for search warrant, filed a motion to seal these documents which was granted upon a showing that the criminal investigation required secrecy.  Sealing orders may be "granted freely upon a showing that a given criminal

5

investigation requires secrecy." Id.  There is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned." Id. at 1218.  Nor has Petitioner identified anything other than an unspecified need for the applications and affidavits for search warrant before the criminal investigation has been concluded and/or indictments have been returned.

This Court FINDS that Petitioner was given copies of the warrants, and receipt for the taken property.  [Response, Exhs. A, B & C.]  This Court further FINDS that the record favors denying Petitioner's request to unseal the applications and affidavits for search warrant at this time.  This Court therefore RECOMMENDS that the district judge DENY the Petitions to the extent that Petitioner seeks copies of the search and seizure warrants, and the affidavits filed in support of these warrants, before the criminal investigation has concluded and/or indictments have been returned.

## II.  Rule 41(g)

Return of property in a criminal case is governed by Rule 41(g), which provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  Rule 41(g) is ordinarily used to seek the return of property after an indictment is issued.  Criminal

6

proceedings have not been instituted against Petitioner at this time.  "Nonetheless, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant."  <u>Ramsden v. United States</u>, 2 F.3d 322, 324 (9th Cir. 1993) (citing <u>United States v. Martinson</u>, 809 F.2d 1364, 1366-67 (9th Cir. 1987)) (construing former Fed. R. Crim. P. 41(e), the subsection that formerly pertained to motions for return of property).  In those instances, "[t]hese motions are treated as civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction."  <u>Id.</u> (quoting <u>Kitty's East v. United States</u>, 905 F.2d 1367, 1370 (10th Cir. 1990).

In deciding a pre-indictment Rule 41(g) motion, several factors must be considered:

> [B]efore a district court can reach the merits of a pre-indictment [Rule 41(g)] motion, the district court must consider whether: (1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance. If the balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion.

<u>United States v. Kama</u>, 394 F.3d 1236, 1238 (9th Cir. 2005) (citations and quotation marks omitted) (alterations in

7

original).  As to the first factor, an *in camera* review of the Application and Affidavit for Search Warrant supports a finding that the Government has not displayed a callous disregard for Petitioner's constitutional rights.  The second factor appears to be neutral as Petitioner has an individual interest in the property seized (since he is the registered owner of one of the two Toyota Tacoma trucks listed in the inventory of taken items, and a co-registered owner of the other truck), but there is no evidence that he needs to have the property returned at this time (as opposed to after the investigation is completed).  [Response, Exhs. B & C.]  As to the third factor, because the property seized is neither perishable nor unique, this Court cannot conclude that Petitioner would be irreparably injured by denying return of the two trucks before the investigation has been completed.  Finally, as to the fourth factor, if an indictment is rendered against Petitioner, he can file a post-indictment Rule 41(g) motion for return of property.  Likewise, if the Government does not indict him and fails to return his property or damages the property in some manner, he can file a civil lawsuit.  Thus, an adequate remedy at law for redress does exist.

On balance, this Court FINDS that the equities do not tilt in favor of reaching the merits of the Rule 41(g) motion, and RECOMMENDS that the district judge should not exercise its equitable jurisdiction to entertain the motion.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that Petitioner John Oliver's Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for the Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 9, 2009, Petitioner John Oliver's Second Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed April 16, 2009, and Petitioner John Oliver's Third Notice of Verified Objection to Search and Seizure Conducted by Special Agent Steven P. Carter, et al. and Request for Court's Certified Copy of the Affidavit of Probable Cause and the Enjoined Appropriate Process and in the Alternative Return the Seized Property, filed on April 27, 2009, be DENIED.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, June 19, 2009.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**IN THE MATTER OF THE SEARCH OF: A SINGLE FAMILY RESIDENCE LOCATED AT LOT 77 OF THE WAIOLANI MAUKA SUBDIVISION, WAIKAPU, MAUI, HAWAII, ETC.; MC 09-00099 HG-KSC; FINDINGS AND RECOMMENDATION TO DENY PETITIONS FOR RETURN OF PROPERTY (OLIVER)**